ATTORNEY GENERAL HENRY HAS ASKED THAT I REVIEW AND MAKE AN APPROPRIATE RESPONSE TO YOUR LETTER DATED JUNE 29, 1987, ASKING FOR AN ATTORNEY GENERAL'S OPINION. IT DOES NOT APPEAR, HOWEVER, THAT IT IS EITHER NECESSARY OR APPROPRIATE THAT AN OFFICIAL, PUBLISHED RESPONSE BE PROVIDED, BECAUSE ANOTHER RECENTLY-ISSUED OPINION, NO. 87-004, ALREADY PROVIDES THE BEST ADVICE THIS OFFICE CAN GIVE ON THE ISSUE IN QUESTION. THE ATTORNEY GENERAL, AS YOU KNOW, DOES NOT ORDINARILY ISSUE AN OFFICIAL OPINION WHEN, AS HERE, THE QUESTIONS POSED FALL SQUARELY WITHIN AN APPLICABLE RULE OF OKLAHOMA LAW. I AM THEREFORE RESPONDING TO YOUR REQUEST WITH THE FOLLOWING INFORMAL OPINION. YOUR FIRST TWO QUESTIONS ASK, IN EFFECT, WHETHER COUNTY ROAD CREWS HAVE BEEN EXCEPTED FROM THE APPLICATION OF THE EIGHT-HOUR MAXIMUM WORKDAY REQUIREMENTS OF ARTICLE XXIII, SECTION 1 OF THE OKLAHOMA CONSTITUTION AND 61 O.S. 3-5 [61-3]. — [61-5] THE SHORT ANSWER IS THAT THE EIGHT-HOUR MAXIMUM WORKDAY LIMITATION DOES NOT APPLY TO COUNTY ROAD CREWS ENGAGED IN THE CONSTRUCTION, RECONSTRUCTION, OR MAINTENANCE OF COUNTY HIGHWAYS. THE APPLICABLE STATUTE, WHICH IS QUOTED IN OPINION NO. 87-004, 61 O.S. 4 [61-4] (1981), PROVIDES: "(T)HE PROVISIONS OF THIS ACT REFERRING TO THE EIGHT-HOUR MAXIMUM WORKDAY IN REGARD TO HOURS WORKED PER CALENDAR DAY SHALL NOT APPLY TO THE CONSTRUCTION, RECONSTRUCTION, MAINTENANCE, OR THE PRODUCTION OF LOCAL MATERIALS FOR: HIGHWAYS, ROADS, STREETS, AND ALL THE STRUCTURES AND DRAINAGE IN CONNECTION THEREWITH; SEWER SYSTEMS, WATERWORKS SYSTEMS, DAMS AND LEVEES, CANALS, DRAINAGE DITCHES, AIRPORT GRADING, DRAINAGE, SURFACING, SEEDING AND PLANTING. PROVIDED THAT THE PROVISIONS OF THIS ACT WILL NOT PREVENT EMPLOYEES FROM DRAWING TIME AND (A) HALF FOR THOSE HOURS WORKED OVER FORTY (40) DURING ANY CALENDAR WEEK." (EMPHASIS ADDED). THE LANGUAGE EMPHASIZED MAKES IT CRYSTAL CLEAR THAT THE ACTIVITIES WITHIN THE PURVIEW OF THE QUESTIONS YOU POSED ARE NOT SUBJECT TO THE EIGHT-HOUR MAXIMUM WORKDAY. BECAUSE THIS PROVISO IN 4 PROVIDES A COMPLETE AND DEFINITIVE ANSWER TO THE QUESTION RAISED, IT IS UNNECESSARY TO CONSIDER WHETHER THE PROTECTION OF LIFE AND PROPERTY EXCEPTION DESCRIBED IN 3 ALSO APPLIES. FINALLY, THE THIRD QUESTION POSED IN YOUR LETTER ASKS WHETHER THE COUNTY SHOULD "SCHEDULE" WORK BEYOND THE EIGHT HOUR LIMIT AS OPPOSED, APPARENTLY, TO ALLOWING COUNTY EMPLOYEES UNFETTERED DISCRETION IN DETERMINING THEIR "OVERTIME N HOURS OF WORK. THE ANSWER TO THIS QUESTION IS WITHIN THE ADMINISTRATIVE DISCRETION OF THE COUNTIES AND IS, IN ANY EVENT, IRRELEVANT TO OUR CONCLUSION THAT THE EIGHT-HOUR DAY LAW DOES NOT APPLY TO COUNTY ROAD MAINTENANCE CREWS AS IS OUTLINED ABOVE AND IN NO. 87-004. (PLEASE SEE THE COPY OF OPINION NO. 87-004 WHICH I HAVE ATTACHED FOR YOUR INFORMATION.) (NED BASTOW)